UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60712-CIV-ZLOCH/ROSENBAUM
CONSENT CASE

JEANNINE V. DUCHATEAU,

    Plaintiff,

v.

CAMP DRESSER & MCKEE, INC.,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO TAX COSTS

This matter is before the Court on Defendant's Motion to Tax Costs [D.E. 78]. The Court has reviewed Defendant's Motion, as well as the filings supporting and opposing the Motion, and is otherwise advised in the premises. As detailed below, the Court grants in part and denies in part Defendant's Motion to Tax Costs.

**I.  Background**

On April 15, 2010, Plaintiff Jeannine V. DuChateau filed a Complaint against Defendant Camp Dresser & McKee, Inc., ("CDM") in Broward County Circuit Court. *See* D.E. 1 at 14-19. DuChateau's Complaint alleged that CDM (1) discriminated against her because of her pregnancy and planned maternity leave, in violation of the Florida Civil Rights Act of 1992 ("FCRA"), *see* Fla. Stat. §§ 760.01–760.11; (2) interfered with her rights under the Family and Medical Leave Act ("FMLA"), *see* 29 U.S.C. §§ 2601–2654; and (3) retaliated against her for exercising her FMLA rights. *See* D.E. 1 at 16-17. On May 5, 2010, CDM removed DuChateau's action to this Court. *See id.* at 1-9.

Following discovery, CDM filed a Motion for Summary Judgment. *See* D.E. 20. On October 4, 2011, the Court granted summary judgment to CDM regarding DuChateau's FCRA discrimination claim and her FMLA interference claim but denied summary judgment with respect to DuChateau's FMLA retaliation claim. *See* D.E. 41. A two-day jury trial was later held on DuChateau's retaliation claim; the jury returned a verdict for CDM. *See* D.E. 71. On January 11, 2012, the Court entered final judgment in favor of CDM and against DuChateau. *See* D.E. 74. CDM subsequently filed its present Motion to Tax Costs. *See* D.E. 78.

## II. Analysis

### A. Standards for Taxation of Costs

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1).[1] Congress has delineated which costs are recoverable under Rule 54(d). *See* 28 U.S.C. § 1920; *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Although the Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, *see Crawford Fitting Co.*, 482 U.S. at 440-44, it may not tax as costs any items not authorized by statute. *See id.*; *United States EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).[2] When challenging whether costs are taxable, the losing party bears the burden

---

[1] Rule 54(d)(1) provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1).

[2] Under 28 U.S.C. § 1920, the Court may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the

to demonstrate that a cost is not taxable, unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party. *See Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).

Because CDM is the prevailing party here, it is presumptively entitled to an award of costs. The Court therefore turns to the specific costs requested by CDM.

### B. Costs Sought by CDM

CDM seeks a total of $7.645.38 in taxable costs, plus interest.[3] Although DuChateau does not dispute that CDM is generally entitled to an award of costs, she does challenge certain proposed costs as unnecessary. The Court thus addresses by category each of the items sought in CDM's Motion to Tax Costs.

#### 1. Clerk's Fees

CDM seeks reimbursement of the $350.00 fee paid to the Clerk of Court in connection with CDM's Notice of Removal. *See* D.E. 1. DuChateau does not object to taxation of this cost. Fees of the Clerk are taxable pursuant to 28 U.S.C. § 1920(1). Therefore, the Court awards CDM $350.00 for this cost.

#### 2. Court-Reporter Fees

CDM requests a total of $3,833.25 in court-reporter fees for the depositions of three witnesses—DuChateau, Steven Brewer, and Nancy Wheatley. DuChateau, however, objects to the

---

    copies are necessarily obtained for use in the case;
(5) Docket fees under 28 U.S.C. § 1923; and
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

[3]In its Motion to Tax Costs, CDM originally sought costs totaling $8,136.18. But after DuChateau objected to taxation of $490.80 in copying costs, CDM withdrew its request for that amount.

3

following portions of the court-reporter fees sought by CDM:

<u>DuChateau deposition</u>

- $39.00 for a "CD Depo Litigation Package"

- $107.95 for "Exhibits Scanned & OCRED"

- $325.00 for "Video – Initial fee"

- $575.00 for "Video – Additional hours"[4]

- $40.00 for "Media Archive/tape stock"

<u>Brewer deposition</u>

- $20.00 for "Media Archive/tape stock"

D.E. 78-3 at 2-4. DuChateau contends that these items, totaling $1,106.95, were unnecessary for use in this case and thus are not recoverable. *See* 28 U.S.C. § 1920(2).

A prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). In this respect, "[t]axation of deposition costs is authorized by § 1920(2)." *W&O, Inc.*, 213 F.3d at 620 (citing *United States v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963)). Recoverable costs include deposition-transcript fees and attendance fees of the court reporter or per diem. *See Ferguson v. Bombardier Servs. Corp.*, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007). But certain other charges, when incurred solely for the convenience of counsel, are not reimbursable under § 1920: fees for expedited transcripts, compressed or mini-script versions, CD copies, ASCII, and exhibits. *See id.*; *Davis v. United States*, 2010 WL 3835613, at *4 (S.D. Fla. Sept. 7, 2010); *Smith v. Quintiles Int'l*, 2007 WL 2412844, at

---

[4]Although this charge is not included in the table of objected-to charges in DuChateau's Response, *see* D.E. 85 at 2, that omission was apparently an oversight, as the text of her Response "object[s] to charges for . . . 'Videotaping' of Plaintiff's deposition . . . as unnecessary for use in the case." *Id.* at 3.

4

\*5 (M.D. Fla. Aug. 21, 2007); *Univ. of Miami v. Intuitive Surgical, Inc.*, 2007 WL 781912, at \*1 (S.D. Fla. Mar. 13, 2007). Regarding video-deposition charges, the Eleventh Circuit has held that it is proper to award costs for both a videotape and a stenographic transcript of a deposition when a party notices a deposition to be recorded by videotape, or by both stenographic means and videotape, and the other party raises no objection at that time to the method of recording. *See Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 464-65 & n.5 (11th Cir. 1996) (per curiam). "However, the party seeking reimbursement must still demonstrate that the transcripts were necessarily obtained for use in the case and where reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary." *Perfect Web Techs., Inc. v. Infousa, Inc.*, 2009 WL 2407689, at \*9 (S.D. Fla. Aug. 4, 2009); *see Ferguson*, 2007 WL 601921, at \*3-\*4.

Here, CDM has not explained why it was necessary, rather than merely convenient, to incur charges for a "CD Depo Litigation Package" and "Exhibits Scanned & OCRED" in connection with DuChateau's deposition. The Court therefore declines to award these costs to CDM. Moreover, while CDM seeks to recover the costs of both a stenographic transcript and a videotape of DuChateau's deposition, CDM has not shown that both methods of recording were necessary. Accordingly, CDM may recover the costs of the stenographic transcript but is not entitled to the disputed videotaping costs listed above. Regarding the "Media Archive/tape stock" charge for Steven Brewer's deposition, however, the Court notes that the parties agreed to take Brewer's deposition by videotape and to use that testimony in lieu of Brewer's appearance at trial. *See* D.E. 54. Thus, the Court finds that this charge was necessary and therefore recoverable.[5] In sum,

---

[5] DuChateau has not challenged the other fees sought by CDM in connection with the videotaping of Brewer's deposition. The Court has reviewed these fees, as well as the other undisputed court-reporter fees requested by CDM, and concludes that they are taxable here.

deducting $1,086.95 from CDM's request of $3,833.25, the Court awards CDM $2,746.30 for court-reporter fees.

### 3. Subpoena Service Fee

CDM seeks to recover $25.38 for serving a document subpoena on DuChateau's employer. DuChateau does not challenge this request. The Court notes that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921." *W&O, Inc.*, 213 F.3d at 624. Such fees, however, should not exceed the marshal's fees authorized in § 1921. *See id.* (citing *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996)). The United States Marshals Service generally charges $55.00 per hour (or portion thereof) for personal service of process. *See* 28 C.F.R. § 0.114(a)(3).

Fees for service of subpoenas by private process servers are similarly recoverable. *See Dominguez v. Metro. Miami-Dade Cnty.*, 2005 WL 5671449, at *3 (S.D. Fla. Apr. 15, 2005) (allowing recovery of $60.00 for service of three subpoenas); *For Play Ltd. v. Bow to Stern Maint., Inc.*, 2006 WL 3662339, at * 13 (S.D. Fla. Nov. 6, 2006) (permitting recovery of $44.00 for service of subpoena). Here, the Court finds that the $25.38 subpoena-service fee sought by CDM is reasonable and is consistent with the analogous service rate charged by the Marshals Service. Accordingly, the Court awards $25.38 to CDM for this cost.

### 4. Miscellaneous Costs

CDM requests reimbursement of $3,436.75 for certain items used at trial, specifically, (1) $289.12 for a color exhibit used during defense counsel's closing argument and (2) $3,147.63 for rented equipment and related services to play excerpts of Brewer's videotaped deposition. DuChateau objects to these charges as unnecessary and excessive.

In the Eleventh Circuit, "physical exhibits like models and charts simply may not be taxed as costs because there is no statutory authorization." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs.,*

*Inc.*, 249 F.3d 1293, 1297 (11th Cir. 2001) (per curiam); *see also State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 2002 WL 34365828, at *3 (S.D. Fla. Aug. 28, 2002) (explaining that costs of reproducing documents into oversized trial exhibits are taxable under § 1920(4) but that costs of creating "illustrations and storyboards" are not recoverable). Further, while the Court has permitted CDM to recover the costs of videotaping Brewer's deposition, circuit precedent makes clear that costs associated with playing video depositions at trial are not taxable. *See Morrison*, 97 F.3d at 465-66 ("We find nothing in § 1920, the Federal Rules of Civil Procedure, or case law to support the taxation of costs for equipment rental or fees charged by a videographer for playback of video depositions at trial."). Consequently, the Court denies CDM's request to recover the costs of its color exhibit and the video playback of Brewer's deposition.

   **5.  Interest**

Last, CDM seeks interest on the costs awarded by the Court. DuChateau does not object to this request.

A prevailing party in a civil action is statutorily entitled to post-judgment interest. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment . . . ."). The Eleventh Circuit, recognizing that § 1961(a) applies to awards of costs, has held that "interest shall accrue on . . . taxable costs from the date the court entered final judgment . . . ." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994); *see Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment."). The post-judgment interest rate is "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for

7

the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a).

Here, the Court entered final judgment in CDM's favor on January 11, 2012.  *See* D.E. 74.  The applicable interest rate for the preceding week (ending January 6, 2012) is 0.12%.  Accordingly, the costs awarded to CDM shall bear interest from January 11, 2012, at the rate of 0.12%.

### III.  Conclusion

As detailed herein, Defendant's Motion to Tax Costs [D.E. 78] is **GRANTED IN PART** and **DENIED IN PART.**  Plaintiff shall pay Defendant's costs in the amount of **$3,121.68, plus interest at the rate of 0.12% accruing from January 11, 2012.**

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 29th day of March, 2012.

_____
ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:   Counsel of record